13-2433
Xu v. Lynch

BIA
A077 309 697

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fifteen.

PRESENT:
        ROSEMARY S. POOLER,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

HUI XU,
        *Petitioner,*

        v.                                    13-2433
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
        *Respondent.*
_____

FOR PETITIONER:        Charles Christophe, Christophe Law
                       Group, P.C, New York, New York.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:**          Stuart F. Delery, Assistant Attorney General; Song Park, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Hui Xu, a native and citizen of the People's Republic of China, seeks review of the May 31, 2013, decision of the BIA denying his motion to reopen. *In re Hui Xu*, No. A077 309 697 (B.I.A. May 31, 2013).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Xu's motion to reopen was not an abuse of discretion.  *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam).  Absent certain enumerated circumstances which are not present here, an alien may generally move to reopen no later than 90 days after the date of the final administrative decision.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  There is no dispute that Xu's 2013 motion was untimely because his final

administrative order was issued in 2003.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  In some instances, however, the agency may equitably toll the 90 days if an alien demonstrates ineffective assistance of counsel and that he exercised due diligence in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen [wa]s filed."  *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

The BIA reasonably found that Xu's ten-year delay in raising ineffective assistance, a claim Xu admits was apparent at the time of his 2002 hearing, did not reflect due diligence.  *See Jian Hua Wang v. B.I.A.*, 508 F.3d 710, 715 (2d Cir. 2007) (per curiam) (citing several cases finding that a petitioner has failed to demonstrate due diligence where he or she waited two years or longer to take steps to reopen a proceeding).  Despite Xu's assertion that he lacked understanding of English and U.S. laws, he did not explain why he did not simply seek new counsel to articulate the claim for him.  The BIA therefore did not err in declining to toll the filing deadline, and consequently did

3

not abuse its discretion in denying Xu's motion to reopen as untimely.  *See Rashid*, 533 F.3d at 131-32; *Ali*, 448 F.3d at 517.

To the extent that Xu challenges the BIA's denial of *sua sponte* reopening, we dismiss the petition for review because we lack jurisdiction to consider the discretionary determination that Xu did not demonstrate exceptional circumstances.  *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4